

RECEIVED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

DEC 08 2021

KEVIN P. WEIMER, Clerk
By: Deputy Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
_____Civil_____ **DIVISION**

Jinneturis Hinton - Montgomery
_____
(Print your full name)

        Plaintiff *pro se*,

  v.

_____City of Atlanta_____

_____

_____
(Print full name of each defendant; an
employer is usually the defendant)

        Defendant(s).

CIVIL ACTION FILE NO.

**1:21-CV-5028**
_____
(to be assigned by Clerk)

## *PRO SE* EMPLOYMENT DISCRIMINATION COMPLAINT FORM

### Claims and Jurisdiction

1.   This employment discrimination lawsuit is brought under (check only those that apply):

    **X**      Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e <u>et</u> <u>seq.</u>, for employment discrimination on the basis of race, color, religion, sex, or national origin, or retaliation for exercising rights under this statute.

           **NOTE**: To sue under Title VII, you generally must have received a notice of right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC").

_____ Age Discrimination in Employment Act of 1967, 29 U.S.C. §§
621 et seq., for employment discrimination against persons age 40
and over, or retaliation for exercising rights under this statute.

> **NOTE**: To sue under the Age Discrimination in
> Employment Act, you generally must first file a charge of
> discrimination with the EEOC.

_____ Americans With Disabilities Act of 1990, 42 U.S.C. §§ 12101 et
seq., for employment discrimination on the basis of disability, or
retaliation for exercising rights under this statute.

> **NOTE**: To sue under the Americans With Disabilities Act,
> you generally must have received a notice of right-to-sue
> letter from the EEOC.

_____ Other (describe) _____

_____

_____

_____

_____

_____

2.   This Court has subject matter jurisdiction over this case under the above-listed
statutes and under 28 U.S.C. §§ 1331 and 1343.

**Parties**

3.   Plaintiff.    Print your full name and mailing address below:

Name    Jinneturis Hinton - Montgomery

Address    4378 Minkslide Dr SW

Atlanta, Georgia 30331

4.   Defendant(s).    Print below the name and address of each defendant listed on page 1 of this form:

Name    City of Atlanta

Address    68 Mitchell Street NE
Atlanta, GA 30303

Name

Address


Name

Address


**Location and Time**

5.   If the alleged discriminatory conduct occurred at a location <u>different</u> from the address provided for defendant(s), state where that discrimination occurred:

City of Atlanta Municipal Court Building

55 Garnett St SW, 4th Floor Atlanta,GA 30303

6.   When did the alleged discrimination occur?  (State date or time period)

_01/02/2020 - 09/08/2020_____

_____

_____

_____

### Administrative Procedures

7.   Did you file a charge of discrimination against defendant(s) with the EEOC or any other federal agency?     __X__ Yes          _____ No

     If you checked "Yes," attach a copy of the charge to this complaint.

8.   Have you received a Notice of Right-to-Sue letter from the EEOC?

     __X__ Yes          _____ No

     If you checked "Yes," attach a copy of that letter to this complaint and state the date on which you received that letter:
     _September 13th, 2021_____

9.   If you are suing for **age discrimination**, check one of the following:

     __X___     60 days or more have elapsed since I filed my charge of age discrimination with the EEOC

     _____     Less than 60 days have passed since I filed my charge of age discrimination with the EEOC

Page 4 of  9

10.  If you were employed by an agency of the State of Georgia or unsuccessfully sought employment with a State agency, did you file a complaint against defendant(s) with the Georgia Commission on Equal Opportunity?

_____ Yes          _____ No          __X__ Not applicable, because I was not an employee of, or applicant with, a State agency.

If you checked "Yes," attach a copy of the complaint you filed with the Georgia Commission on Equal Opportunity and describe below what happened with it (i.e., the complaint was dismissed, there was a hearing before a special master, or there was an appeal to Superior Court):

_____N/A_____

_____

_____

_____

11.  If you were employed by a Federal agency or unsuccessfully sought employment with a Federal agency, did you complete the administrative process established by that agency for persons alleging denial of equal employment opportunity?

_____ Yes          _____ No          __X__ Not applicable, because I was not an employee of, or applicant with, a Federal agency.

If you checked "Yes," describe below what happened in that administrative process:

_____N/A_____

_____

_____

_____

**Nature of the Case**

12.   The conduct complained about in this lawsuit involves (check only those that apply):

|       |                                                                    |
|-------|--------------------------------------------------------------------|
|       | failure to hire me                                                 |
| X     | failure to promote me                                              |
|       | demotion                                                           |
|       | reduction in my wages                                              |
| X     | working under terms and conditions of employment that differed     |
|       | from similarly situated employees                                  |
| X     | harassment                                                         |
| X     | retaliation                                                        |
| X     | termination of my employment                                       |
| X     | failure to accommodate my disability                               |
| X     | other (please specify) Denied a Right to Due Process               |

13.   I believe that I was discriminated against because of (check only those that apply):

|     |                                                                  |
|-----|------------------------------------------------------------------|
|     | my race or color, which is _____       |
|     | my religion, which is _____        |
|     | my sex (gender), which is _____ male _____ female             |
|     | my national origin, which is _____       |
| X   | my age (my date of birth is    01/15/1973              )         |
| X   | my disability or perceived disability, which is:                 |
|     |    Lupus & Severe Anxiety                                        |
| X   | my opposition to a practice of my employer that I believe violated the federal anti-discrimination laws or my participation in an EEOC investigation |
|     | other (please specify) _____       |

14.  Write below, as clearly as possible, the essential facts of your claim(s).
Describe specifically the conduct that you believe was discriminatory or
retaliatory and how each defendant was involved.  Include any facts which
show that the actions you are complaining about were discriminatory or
retaliatory.  Take time to organize your statements; you may use numbered
paragraphs if you find that helpful.  Do not make legal arguments or cite cases
or statutes.

The Department Commissioner Salethea Graham, who
has the authority to hire and fire department employees
dismissed me without the right to due process.
I was not granted the same treatment as previous
employees who were allowed the opportunity to defend
the claims noted for their dismissal. I followed the protocol
in regard to responding in writing and my request to discuss
the matter was scheduled, but never granted. There was
also a request for an appeal submitted to the City of Atlanta's
Board of Review where receipt of the request was confirmed
by board member Kandaice Harmon but a hearing was
never scheduled.

(Attach no more than five additional sheets if necessary; type or write legibly only on
one side of a page.)

Page 7 of 9

15.   Plaintiff _____   still works for defendant(s)

             __X__   no longer works for defendant(s) or was not hired


16.   If this is a disability-related claim, did defendant(s) deny a request for reasonable accommodation?   __X__ Yes   _____ No

             If you checked "Yes," please explain: __Repeated reports and requests for relief of intentional and malicious disregard for my mental and physical disability by my immediate supervisor did not occur. Informal and formal complaints to management requesting equal accommodations as my younger teammates were never addressed as discussed and agreed.__


17.   If your case goes to trial, it will be heard by a judge <u>unless</u> you elect a jury trial. Do you request a jury trial?   __X__ Yes   _____ No


### Request for Relief

As relief from the allegations of discrimination and/or retaliation stated above, plaintiff prays that the Court grant the following relief (check any that apply):

__X__   Defendant(s) be directed to __Revoke dismissal, reinstate employment, and pay lost wages and all other compensation denied or lost by reason of unlawful actions, in an amount the Court deems just and__ proper.

__X__   Money damages (list amounts) _____ $300,000 _____

_____

__X__   Costs and fees involved in litigating this case

__X__   Such other relief as my be appropriate


Page 8 of 9

## PLEASE READ BEFORE SIGNING THIS COMPLAINT

Before you sign this Complaint and file it with the Clerk, please review Rule 11 of the Federal Rules of Civil Procedure for a full description of your obligation of good faith in filing this Complaint and any motion or pleading in this Court, as well as the sanctions that may be imposed by the Court when a litigant (whether plaintiff or defendant) violates the provisions of Rule 11. These sanctions may include an order directing you to pay part or all of the reasonable attorney's fees and other expenses incurred by the defendant(s). Finally, if the defendant(s) is the prevailing party in this lawsuit, costs (other than attorney's fees) may be imposed upon you under Federal Rule of Civil Procedure 54(d)(1).

Signed, this 7th day of December , 20 21

(Signature of plaintiff *pro se*)

## Jinneturis Hinton - Montgomery

(Printed name of plaintiff *pro se*)

## 4378 Minkslide Dr SW

(street address)

## Atlanta, Georgia 30331

(City, State, and zip code)

jinneturis.montgomery@comcast.net

(email address)

(404) 630-7289

(telephone number)

Page 9 of 9

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974.  See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | **410-2021-00585** |
| | | and EEOC |

*State or local Agency, if any*

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone | Year of Birth |
|---|---|---|
| **MRS. JINNETURIS H MONTGOMERY** | **(504) 858-4491** | **1973** |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| **4378 MINKSLIDE DR SW, ATLANTA,GA 30331** | | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others.  (*If more than two, list under PARTICULARS below.*)

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| **CITY OF ATLANTA** | **501+** | **(404) 546-1287** |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| **68 MITCHELL STREET, ATLANTA, GA 30303** | | |

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| | | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

| | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| ☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN | Earliest **04-01-2020**   Latest **09-08-2020** |
| ☒ RETALIATION  ☒ AGE  ☒ DISABILITY  ☐ GENETIC INFORMATION | |
| ☐ OTHER *(Specify)* | ☐ CONTINUING ACTION |

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

**I am an individual with a disability. I was hired by the above-named employer in March 2016, as a Customer Service Representative I.  On or about April 1, 2020, I was denied a promotion to the Customer Service Representative II position.  I was also subjected to harassment by being denied time off for my medical appointments. In or about June 2020, I registered a harassment complaint but no corrective action was taken and the harassment continued.  On July 17, 2020, I received a final written warning.  On September 8, 2020, I was discharged.**

**The employer stated that I was discharged for misconduct and attendance.**

**I believe that I have been discriminated against because of my age (47), in violation of the Age Discrimination in Employment Act of 1967, as amended, and my disability, and in retaliation for engaging in a protected activity, in violation of Title I of the Americans with Disabilities Act of 1990, as amended.**

| I want this charge filed with both the EEOC and the State or local Agency, if any.  I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| **Digitally signed by Jinneturis Montgomery on 01-28-2021 01:21 AM EST** | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(*month, day, year*) |

CP Enclosure with EEOC Form 5 (11/09)

**PRIVACY ACT STATEMENT:**  Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

**1.   FORM NUMBER/TITLE/DATE.**  EEOC Form 5, Charge of Discrimination (11/09).

**2.   AUTHORITY.**  42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

**3.   PRINCIPAL PURPOSES.**  The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

**4.   ROUTINE USES.**  This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws).  Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination.  This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

**5.   WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.**  Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of.  Without a written charge, EEOC will ordinarily not act on the complaint.  Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed.  Charges may be clarified or amplified later by amendment.  It is not mandatory that this form be used to make a charge.

### NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA.  Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge.  When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter.  Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings.  Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge.  Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an

investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

EEOC Form 161 (11/2020)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

| To: **Jinneturis H. Montgomery**<br>**4378 Minkslide Dr SW**<br>**Atlanta, GA 30331** | From: **Atlanta District Office**<br>**100 Alabama Street, S.W.**<br>**Suite 4R30**<br>**Atlanta, GA 30303** |
|---|---|

| | *On behalf of person(s) aggrieved whose identity is*<br>*CONFIDENTIAL (29 CFR §1601.7(a))* | |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **410-2021-00585** | **Serena A. Curry,**<br>**Investigator** | **(404) 562-6828** |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

|   | The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC. |
|---|---|
|   | Your allegations did not involve a disability as defined by the Americans With Disabilities Act. |
|   | The Respondent employs less than the required number of employees or is not otherwise covered by the statutes. |
|   | Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge |
| **X** | The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge. |
|   | The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge. |
|   | Other *(briefly state)* |

### - NOTICE OF SUIT RIGHTS -

*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

Daniel E. Nance

*Digitally signed by Daniel E. Nance*
*Date: 2021.09.08 14:41:09*
*-04'00'*

On behalf of the Commission

*Daniel C. Nance*

For        9/8/2021

Enclosures(s)

**Darrell E. Graham,**
**District Director**

*(Date Issued)*

cc:   **Walter Mobley**
**EEOC Coordinator**
**CITY OF ATLANTA**
**68 Mitchell Street**
**Atlanta, GA 30303**

Enclosure with EEOC
Form 161 (11/2020)

## INFORMATION RELATED TO FILING SUIT
### UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS    --    Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope or record of receipt, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *issued* to you** (as indicated where the Notice is signed) or the date of the postmark or record of receipt, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS    --    Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice *and* within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION    --    Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE    --    All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months** of this Notice. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

Enclosures(s)

cc:

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA):**   The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability.  *However, these terms are redefined, and it is easier to be covered under the new law.*

<u>**If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.**</u>

**"Actual" disability or a "record of" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):**

  ➢ **The limitations from the impairment no longer have to be severe or significant** for the impairment to be considered substantially limiting.
  ➢ In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at <u>29 C.F.R. § 1630.2(i))</u>,  **"major life activities"  now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.
  ➢ **Only one** major life activity need be substantially limited.
  ➢ With the exception of ordinary eyeglasses or contact lenses, **the beneficial effects of "mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.
  ➢ An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or "**in remission**" (e.g., cancer) is a disability if it **would be substantially limiting when active**.
  ➢ An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

**"Regarded as" coverage:**
  ➢ An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).
  ➢ "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.
  ➢ The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively *BOTH* transitory (lasting or expected to last six months or less) *AND* minor.
  ➢ A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

*Note:  Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment.  Beyond the initial pleading stage, some courts will require specific evidence to establish disability.*  For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.